UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BALVINO MACIAS TERAN,<br><br>Defendant. | Case No. CR16-335RSL<br><br>ORDER ON DEFENDANT'S POST-CONVICTION MOTION TO DISMISS INDICTMENT |

This matter comes before the Court on defendant Balvino Macias Teran's *pro se*, post-conviction "Motion to Dismiss Indictment Because United States District Court Lacked Jurisdiction to Try this Case." Dkt. # 124. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record. For the reasons set forth below, the Court concludes that it lacks authority to consider the merits of defendant's motion as it is currently framed. The motion, Dkt. # 124, is DENIED without prejudice to defendant filing a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## I. BACKGROUND

In December 2016, a grand jury charged defendant and two co-defendants with one count of conspiracy to distribute controlled substances (Count 1) and one count of distribution of a controlled substance (Count 2). Dkt. # 11. Defendant entered a plea of guilty to Count 1, but to a lesser included offense of that charged in the indictment, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. # 86 ¶ 1. In that plea agreement, defendant waived both his right to appeal his conviction and sentence and his right to collaterally attack his conviction and

ORDER ON DEFENDANT'S POST-CONVICTION MOTION TO DISMISS INDICTMENT - 1

1 sentence, except on the grounds of ineffective assistance of counsel. Id. ¶ 15. On October 20,
2 2017, the Court sentenced defendant to a prison term of seventy-two months, plus four years of
3 supervised release. Dkt. # 118.

4 In March 2018, defendant filed this motion, arguing that the Court lacked subject matter
5 jurisdiction over his criminal case. Specifically, defendant asserts that 21 U.S.C. § 841 was
6 adopted on the basis of the expanded federal powers that accompanied President Franklin
7 Roosevelt's 1933 declaration of a national emergency. Dkt. # 124 at 4–5. According to
8 defendant, the National Emergencies Act, 50 U.S.C. § 1601 (1976), which curbed federal
9 authority arising from prior declarations of national emergencies, effectively limited § 841's
10 reach to the District of Columbia and federal territories. Id. On these grounds, defendant
11 requests that the Court dismiss the indictment and release him from custody. Prior to this
12 motion, defendant had not filed a petition under 28 U.S.C. § 2255 or any other collateral attack
13 on his conviction and sentence.

14 The government argues that the Court lacks authority to consider defendant's motion as it
15 is currently framed, and suggests that § 2255 provides a proper basis for defendant's challenge
16 to the Court's subject matter jurisdiction. Dkt. # 127. According to the government, the Court
17 must either deny defendant's motion or notify defendant that the Court intends to recharacterize
18 his motion as a § 2255 petition.

## II. DISCUSSION

20 "A judgment of conviction that includes a sentence of imprisonment constitutes a final
21 judgment and may not be modified by a district court except in limited circumstances." Dillon v.
22 United States, 560 U.S. 817, 824 (2010) (alterations and quotation marks omitted). Section
23 3582(c) of Title 18 U.S.C. sets forth narrow exceptions to this rule of finality. Apart from those
24 exceptions, the Court may modify a term of imprisonment only "to the extent otherwise
25 expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18
26 U.S.C. § 3582(c)(1)(B); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th
27 Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.");
28 United States v. Mendoza, 118 F.3d 707, 709 ("A district court does not have inherent authority

to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

The Court lacks statutory authorization to consider the merits of defendant's motion as it is currently framed. None of the exceptions found at 18 U.S.C. § 3582(c) applies, and Federal Rule of Criminal Procedure 35 does not allow for the relief defendant requests. Nor can defendant avail himself of Federal Rule of Criminal Procedure 12(b), which normally governs a motion to dismiss an indictment, because his case is no longer "pending." See Fed. R. Crim. P. 12(b)(2). Defendant points to no statutory authority that would allow the Court to adjudicate his motion.

The Court is persuaded that the proper basis for defendant's motion is 28 U.S.C. § 2255. Pursuant to § 2255, a district court may vacate, set aside, or correct a federal prisoner's sentence if that court finds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." § 2255(a). A motion that is in substance a habeas petition should be treated as one. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (construing a filing labeled a Rule 60(b) motion as a habeas petition because the motion asserted a federal basis for relief from a conviction); Castro v. United States, 540 U.S. 375, 377 (2003) ("Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently."). Defendant's motion to dismiss the indictment is in substance a § 2255 petition, and should be treated accordingly.[1]

The Court may not, however, unilaterally construe defendant's motion as a request for relief under § 2255. As the Supreme Court recognized, a district court's "recharacterization" of a motion as one brought under § 2255 "can have serious consequences for the prisoner, for it

---

[1] Other district courts have likewise concluded that a post-conviction motion to dismiss an indictment is properly considered a § 2255 petition. See e.g., United States v. James, No. CR09-427JLR, 2016 WL 4945209, at *2 (W.D. Wash. Sep. 16, 2016) (construing as a § 2255 petition defendant's post-conviction motion to dismiss indictment); Brinkley v. United States, No. 3:02CV301-MU-02, 2011 WL 1883046, at *1 (W.D.N.C. May 17, 2011) (discussing earlier order construing as a § 2255 petition petitioner's post-conviction motion to dismiss indictment for lack of jurisdiction).

ORDER ON DEFENDANT'S POST-CONVICTION MOTION TO DISMISS INDICTMENT - 3

subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." <u>Castro</u>, 540 U.S. at 377; <u>see also</u> <u>United States v. Seesing</u>, 234 F.3d 456, 464 (9th Cir. 2000), <u>as amended</u> (Jan. 29, 2001). Accordingly, a district court may not recharacterize a *pro se* motion as a request for relief under § 2255 unless the court first "notif[ies] the *pro se* litigant that it intends to recharacterize the pleading, warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." <u>Castro</u>, 540 U.S. at 383.

For his part, defendant requests additional time to submit a § 2255 petition with these and additional claims should the Court determine that his claims are properly brought under § 2255. Given the Court's foregoing conclusion that plaintiff's claims do indeed belong in a motion under § 2255, the Court will deny defendant's motion without prejudice to him including his jurisdictional arguments in a subsequent § 2255 petition. The Court notes that defendant remains well within the one-year limitations period for filing a petition under § 2255.[2]

### III. CONCLUSION

For the foregoing reasons, the Court concludes that 28 U.S.C. § 2255 is the proper basis for defendant's motion. Defendant's motion, Dkt. # 124, is DENIED without prejudice to him including his claims in a petition filed under § 2255. The Court DIRECTS the Clerk of Court to forward a copy of this order to defendant.

DATED this 25th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Defendant's claims do not appear to flow from new rights, recently discovered facts, or a government impediment. <u>See</u> § 2255(f). Accordingly, the limitations period began to run on November 3, 2017, fourteen days after the Court's judgment, Dkt. # 118, and the date on which his judgment of conviction became final, <u>see</u> <u>United States v. Schwartz</u>, 274 F.3d 1220, 1223 (9th Cir. 2001); Fed. R.App. P. 4(b).

ORDER ON DEFENDANT'S POST-CONVICTION MOTION TO DISMISS INDICTMENT - 4