UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BALVINO MACIAS TERAN,<br><br>Defendant. | Case No. CR16-335RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion for Reconsideration of Defendant's Motion for Compassionate Release and Request for Discovery." Dkt. # 163. Having considered the motion and the record contained herein, the Court finds as follows:

## I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing defendant's personal medical information found in Exhibit A to the government's response (Dkt. # 176). The government's motion to seal (Dkt. # 174) is accordingly GRANTED.

## II. BACKGROUND

Defendant is a 53-year-old inmate currently incarcerated at Federal Medical Center Fort Worth ("FMC Fort Worth").[1] Dkt. # 175 at 3. On June 13, 2017, defendant pled guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1),

---

[1] Since the Court's denial of defendant's motion for compassionate release, he was transferred from Reeves I & II Correction Institution to FMC Fort Worth. Dkt. # 163 at 2; Dkt. # 176 at 157 (referring to defendant's transfer to FMC Fort Worth after he received his triple hernia surgery).

ORDER GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION - 1

841(b)(1)(B), and 846. Dkt. # 86 at 1. On October 20, 2017, the Court sentenced defendant to 72 months' imprisonment and four years of supervised release. Dkt. # 118 at 2–3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on January 31, 2022. Dkts. # 136 at 11, # 146 at 5, # 175 at 3.

On November 6, 2020, defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c) based primarily on his health issues. Dkts. # 136, # 142. The Court denied defendant's motion for compassionate release on February 25, 2021. Dkt. # 159. Defendant moved for reconsideration of his motion for compassionate release on June 8, 2021 and requested that the government provide updated medical records. Dkt. # 163. The government provided updated medical records to defense counsel on June 11, 2021. Dkt. # 164. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

### III. DISCUSSION

On July 2, 2021, the Court requested a response from the government regarding defendant's motion for reconsideration. Dkt. # 169. The government now concedes that defendant "has established that extraordinary and compelling circumstances warrant a reduction in his sentence and that the 18 U.S.C. § 3553(a) sentencing factors also weigh in favor of his release."[2] Dkt. # 175 at 3. The Court agrees.

In the Court's previous Order denying compassionate release, the Court found that "even if the Court were to find that 'extraordinary and compelling' circumstances justified compassionate release, additional considerations [led] the Court to deny defendant's motion." Dkt. # 159 at 9–10. Those additional considerations were based on the Court's inability to find

---

[2] The government previously conceded exhaustion, Dkt. # 146 at 10, and since the Court's Order denying defendant's compassionate release request, the Ninth Circuit held that § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule rather than a jurisdictional bar. United States v. Keller, Nos. 20-50247, 21-50035, 2021 WL 2695129, at *3 (9th Cir. July 1, 2021). The government does not contest exhaustion, and the Court finds that defendant properly exhausted.

ORDER GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION - 2

that defendant was "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Id. (citing U.S.S.G. § 1B1.13). The Ninth Circuit has since held, however, that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021). Additionally, although the Court initially agreed with the government's analysis of the § 3553(a) factors, new evidence related to defendant's health has been brought to the Court's attention, which could not have been brought to the Court's attention earlier with reasonable diligence. Moreover, the government has conceded that compassionate release is appropriate, the government has reported no new disciplinary issues, and defendant now has only around five months left before his scheduled release from custody. Dkt. # 175. Accordingly, the Court will reconsider the original Order (Dkt. # 159).

    The Court is persuaded that BOP's abject failure to follow through with a colonoscopy for defendant supports a finding of "extraordinary and compelling" circumstances here where this procedure was recommended almost a year ago to rule out a tumor, and where defendant has continued to experience hemoptysis (coughing up blood), rectal bleeding, and abdominal pain. See, e.g., Dkt. # 176 at 15, 37, 58, 63, 84, 102, 329, 359. And after balancing all of the § 3553(a) factors,[3] the Court concludes that defendant is entitled to a reduction in sentence to time served. While public safety remains a factor in this analysis, the danger defendant presents to the community has been diminished by his various medical challenges. When the Court first punished defendant, it did not anticipate the COVID-19 pandemic, or the effects that this

---

[3] Relevant factors include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to adequately deter criminal conduct; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); see also United States v. Grimes, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

ORDER GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION - 3

pandemic would have on defendant, who has now had his colonoscopy postponed for nearly a year due to "COVID-related complications and delays," with no reschedule date in sight. Dkt. # 175 at 3. Moreover, defendant suffers from an anxiety disorder, Dkt. # 176 at 331, 360, which has made these delays even more difficult to bear. As the Court's previous Order discussed, the offenses that led to defendant's current term of imprisonment are troubling, and certain elements of defendant's criminal history are certainly concerning. Dkt. # 159 at 10. That said, given defendant's particular experience during his term of imprisonment, BOP's apparent inability to follow through with a recommended medical procedure for defendant, and the prosocial behavior the Court previously recognized,[4] the Court finds that the time that defendant has already served has been sufficient to address the purposes of the § 3553(a) sentencing factors. The Court concludes that defendant has established that extraordinary and compelling circumstances warrant a reduction in his sentence and that the § 3553(a) sentencing factors also weigh in favor of his release.

## IV.  CONCLUSION

For all the foregoing reasons, defendant's motion for reconsideration (Dkt. # 163) is GRANTED and defendant is GRANTED compassionate release. The government's motion to seal (Dkt. # 174) is also GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served. All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that if defendant is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon his release from the Federal Bureau of Prisons, he shall reside at 50049 Paseo Cordova, Coachella, California 92236, unless otherwise directed by the probation office. He shall contact the U.S. Probation Office in the Central District of California within 24 hours of his release and follow its instructions.

IT IS SO ORDERED.

---

[4] See Dkt. # 159 at 10–11 (commenting on defendant's engagement in education courses during his incarceration).

ORDER GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION - 4

DATED this 26th day of August, 2021.

*MMT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR RECONSIDERATION - 5